The State, ex rel. Corrigan, Pros. Atty., *v.* White, Judge.

[Cite as State, ex rel. Corrigan, v. White
(1976), 46 Ohio St. 2d 29.]

(No. 75-1027—Decided April 21, 1976.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for relator.

*Mr. Floyd Oliver,* for respondent.

*Per Curiam.* Respondent's reason for reducing the aggravated burglary verdict to burglary, as stated in the record made for this court, is that, in his opinion, there is no clear distinction in the statutory definitions of the two crimes. Therefore, respondent says, "* * * that even though the jury found and was instructed as to aggravated burglary, the court can only sentence the defendant under the section for burglary."

As authority for the reduction, respondent points to Crim. R. 33(A) which sets out reasons for a new trial, and, in subsection (4) states that "* * *[i]f the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but one of a lesser degree thereof," then the court may modify the verdict accordingly without a new trial and sentence on the verdict as modified.

However, there is nothing in the record to indicate that respondent was acting in response to a motion for a new trial. Nor does the record relate the verdict modification to the evidence in the case before respondent as required by Crim. R. 33(A) (4).

Crim. R. 52(B), which permits the court to notice plain errors or defects even though not brought to its attention, is also argued as authority. However, respondent's journal entry does not state any plain errors upon which he relies, nor does the record point to any possible error in the court proceedings, other than respondent's opinion that the definitions of aggravated burglary and burglary are not essentially different.

Respondent's contention of statutory duplication is not relevant, as the record fails to disclose the court's authority to modify the jury's verdict in this case.

Therefore, respondent, not having shown authority to modify the verdict, is under a clear legal duty to sentence according to the verdict returned by the jury.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.