THE STATE OF OHIO, APPELLEE, *v.* WILSON, APPELLANT.█
[Cite as State v. Wilson (1978), 60 Ohio App. 2d 377.]

(No. 36849—Decided May 25, 1978.)

*Mr. John T. Corrigan,* for appellee.
*Mr. Richard Drake* and *Mr. Jeffrey H. Olson,* for appellant.

JACKSON, J. On June 21, 1976, the defendant-appellant, Ronald Wilson, was indicted by the Cuyahoga County Grand Jury. He was charged with two counts of aggravated burglary in violation of R. C. 2911.11, one count of possessing a criminal tool in violation of R. C. 2923.24, one count of carrying a concealed weapon in violation of R. C. 2923.12, and one count of grand theft in violation of R. C. 2913.02. The defendant entered a plea of guilty to two counts of aggravated burglary [1] on July 20, 1976, and upon the recom-

---

[1] The first count of Aggravated Burglary brought against the defendant reads:
"Aggravated Burglary R. C. §2911.11. The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the state of Ohio, do find and present, that the above named Defendant(s), on or about the date of the offense set forth above, in the Coun-

mendation of the prosecutor, the remaining charges were nolled. At the sentencing hearing, the defendant requested that he be sentenced under R. C. 2911.12, the burglary statute. The trial court refused and sentenced the defendant to four to twenty-five years on each count under R. C. 2911.11, the aggravated burglary statute, the sentences to be served concurrently. Defendant appealed from that sentence and assigned two errors. For the reasons stated below, we find both errors to be without merit and affirm the judgment of the trial court.

There is a preliminary question confronting this court as to whether the defendant's guilty plea precludes him from attacking the constitutionality of the statute under which he was sentenced.

The applicable law has been set forth by the United States Supreme Court in *State* v. *Menna* (1975), 423 U. S. 61. That case makes clear the distinction that, while constitutional violations which go to the establishment of factual guilt are rendered irrelevant by a plea of guilty, those violations which go to the ability of the state to prosecute regardless of factual guilt may be raised on appeal from a guilty plea. *See also Blackledge* v. *Perry* (1974), 417 U. S. 21.

The question raised by this appeal stems from the state's power "***to invoke criminal process against the defendant.***" *Journigan* v. *Duffy* (C.A. 9, 1977), 522 F. 2d 283, 289. Since the state cannot convict and sentence under an invalid statute regardless of factual guilt, appellant's attack is not barred by the guilty plea.

The first error assigned by appellant charges that:

"The trial court erred by sentencing the appellant pur-

---

ty of Cuyahoga unlawfully and purposely and by force, stealth, or deception trespassed in an occupied structure as defined in Section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with the purpose to commit therein a theft offense as defined in Section 2913.01 of the Revised Code, or a felony, and the occupied structure involved is the permanent or temporary habitation of Luther Hayes, in which at the time he is present or likely to be present."

The language of the second count of Aggravated Burglary is substantially the same. The sole difference is the substitution of the name "Ronnie Thompson" for that of Luther Hayes. Although the indictment does not specify a particular section of R. C. 2911.11, it is apparent from the wording that Defendant was indicted only under R. C. 2911.11 (A) (3). This conclusion is supported by the prosecutor's oral argument in this court.

suant to aggravated burglary, Ohio Rev. Code §2911.11 (A) (3), where that subsection prohibits exactly the same activity as burglary, Ohio Rev. Code §2911.12, where the former carries a heavier penalty than the latter, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Ohio Rev. Code §2901.04 (A). [2]

"A. Ohio Rev. Code §2911.11 (A) (3) and Ohio Rev. Code §2911.12, by their clear and unambiguous language, are identical in their prohibitions, yet they provide different penalties for the very same conduct.

"B. As a result of the duplication of offenses embodied in the two statutes at issue, and in light of their differing penalties, the more burdensome of the two cannot stand under the mandate of the Fourteenth Amendment to the United States Constitution, and thus, the appellant must be sentenced under the lesser of the two."

The issue raised by this assignment of error is whether R. C. 2911.11 (A) (3) and R. C. 2911.12 proscribe behavior requiring identical proofs, but allow for two different penalties. [3]

Consideration of this question requires a comparison of the statutes regarding burglary and aggravated burglary.

The statutory proscription against burglary is set forth in R. C. 2911.12:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony.

---

[2] R. C. 2901.04 (A) reads as follows:

"(A) Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

For the reason that we find the meaning of the relevant statutes to be distinguishable, rather than ambiguous, they need not be construed and there is no need for application of the provisions of R. C. 2901.04 (A).

[3] Aggravated burglary is a felony in the first degree and imposes a minimum term of 4, 5, 6, or 7 years fixed by the court and a statutory maximum term of 25 years. Burglary is a felony in the second degree and imposes a minimum term of 2, 3, 4, or 5 years and a statutory maximum term of 15 years.

"(B) Whoever violates this section is guilty of burglary, a felony of the second degree."

The referenced definitions of occupied structure are as follows:

"§2909.01 Definitions. As used in sections 2909.01 to 2909.07 of the Revised Code, an 'occupied structure' is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

"(A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;

"(B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

"(C) Which at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;

"(D) In which at the time any person is present or likely to be present."

The statute which makes aggravated burglary a criminal offense is set forth in R. C. 2911.11:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"(1) The offender inflicts, or attempts to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control;

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

"(B) Whoever violates this section is guilty of aggravated burglary, a felony of the first degree."

If the two statutes operate to prohibit identical activity, require identical proof, and yet impose different penalties, we would conclude that to sentence a defendant under the

statute with the higher penalty violates the equal protection of the law. However, we have concluded that the statutes are not identical. Rather the two statutes consist of different elements and impose different burdens on the state. The test of equal protection in this context is not whether a particular defendant may be charged under either statute and receive different penalties based upon prosecutorial discretion. To the contrary, the test is whether, if the defendant is charged with the elevated crime, the state has the burden of proving an additional element beyond that required by the lesser offense.

In *Roush* v. *White* (N. D. Ohio 1975), 389 F. Supp. 396, the Federal District Court considered the relationship of prosecutorial discretion and equal protection in the context of determining the constitutionality of Ohio marihuana laws. The Court stated:

"***[I]t is important to note that prosecutorial discretion, in and of itself is not unconstitutional. See 16A CTS Constitutional Law 3563, for 16.10. Only when that discretion is unfettered, when it is the prosecutor, not the legislature, enacting the laws, is the Constitution offended. Thus, technically, the question is whether the above quoted statutes each prosecute the *same acts.*" (Emphasis added.)

Further, we acknowledge at this point the well-established principle of law that "courts will refrain from declaring legislation unconstitutional unless the posture of the cause leaves no logical alternative thereto." *Washington Court House* v. *McStowe* (1976), 45 Ohio St. 2d 228, 230, quoting *Bedford Hts.* v. *Tallarico* (1971), 25 Ohio St. 2d 211, 212. *See also* R. C 1.47, R. C. 1.49 and R. C. 1.50.

It is upon this basis that we conclude that not one of the subparts of R. C. 2909.01, incorporated by reference in R. C. 2911.12, is identical to all of the elements imposed by R. C. 2911.11 (A) (3). Consequently, the crimes of burglary and aggravated burglary are not identical statutes, but rather involve different elements of proof. As a result the sentencing procedure utilized in the case at bar does not violate the Equal Protection Clause of the Fourteenth Amendment.

The process of our analysis involves careful scrutiny of the relevant statutes. At the outset, we emphasize that the definitions of occupied structure contained in R. C 2909.01

are not meant to be read cumulatively. The statute provides that an "occupied structure is any***structure***to which *any* of the following *applies:*\*\*\*." (Emphasis added.) While "any" may be used as either a singular or plural pronoun, the use of the verb "applies" leaves no doubt but that the word "any" is intended to carry a singular meaning in this statute. [4]

That this is a proper reading of the statute is supported by a comparison with R. C. 2911.11, aggravated burglary. That statute provides in pertinent part:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure***when *any* of the following *apply:*

"(1) The offender inflicts, or attempts to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordinance as defined in section 2923.11 of the Revised Code on or about his person or under his control;

"(3) The occupied structure involved in the permanent or temporary habitation of any person, in which at the time any person is present, or likely to be present." (Emphasis added.)

In contra-distinction to R. C. 2909.01, these parts were intended to operate collectively. The uses of the verb "apply" plus the fact that the three subparts may logically be read together point up the different statutory organization and legislative intent in the two statutes.

While it should be sufficient to state that R. C. 2911.11 (A) (3) does not equate to any one of the subparts of R. C. 2909.01, our conclusion is buttressed by an examination of the specific differences which occur when the relevant portion of the aggravated burglary statute is compared to each subpart of the burglary statute.

In regard to R. C. 2909.01 (A), (B) and (C), not one of the subparts requires proof of the element "present or likely to be present" as is essential to the proof of aggravated burglary. In other words, if the state is to carry its burden on

---

[4] If the state legislature had intended the subparts to operate collectively they could have used the following language: "if *any one or more* of the following apply." In that case, the legislature would have been required by the basic rules of grammar to use a plural verb: apply. Since they did not do so, we must presume that their use of the pronoun "any" and the singular verb "applies" is purposeful.

aggravated burglary, it must prove that a person is either present or likely to be present at the time. The Ohio Supreme Court in *State* v. *Kilby* (1977), 50 Ohio St. 2d 21, has held that some evidence must be presented in order to meet the required burden. *See also State* v. *Daniels,* unreported, Eighth Appellate District, No. 34856, decided June 10, 1976, and *State* v. *Doss,* unreported, Eighth Appellate District, No. 34697, decided April 1, 1976.

While admittedly it may not be difficult to prove—even beyond a reasonable doubt—that any person is present or likely to be present in a habitation at a particular time, that is precisely what the statute requires and it may be justified by the strong policy of protecting families from intrusion in their homes.

One of the definitions of occupied structure included in R. C. 2909.01 (D) is a "house" in which at the time any person is present or likely to be present. Aggravated burglary pursuant to R. C. 2911.11 (A) (3) is distinguished from this definition by the language "permanent or temporary habitation." Brief reflection suggests that a "house" need not be permanently or temporarily inhabited and yet still have a person be present or likely to be present. For example, a vacant house which is being repaired at the time by an artisan would comply with the essential requirements for a charge of burglary, but not aggravated burglary.

In conclusion, a person who burglarizes a "house" may indeed be potentially charged with either burglary or aggravated burglary, but if that person is charged with aggravated burglary, the state carries the burden of proving, not only that the house is a permanent or temporary habitation, but also that at that time a person is present or likely to be present. This necessarily is a higher burden because it requires proof of an additional element. [5]

Therefore, we are convinced that R. C. 2911.11, Ag-

---

[5] As we understand the dissenting position, it is that R. C. 2909.01 (B) and (D) may be read together and thus required the same proof for burglary as is required for aggravated burglary under R. C. 2911.11 (A) (3). Our disagreement is twofold. First, as we interpret the burglary statute it does not contemplate that the subparts may be read together. Second, while burglary may be proved by carrying the burden on 2909.01 (A), (B), (C) *or* (D), aggravated burglary may be proved only by proving the equivalents of R. C. 2909.01 (B) *and* (D) together.

gravated Burglary, and R. C. 2911.12, Burglary, require proof of distinctly different elements, and consequently the aggravated burglary statute under which defendant was convicted is not a violation of the equal protection provision of the Fourteenth Amendment to the United States Constitution.

The second error assigned by appellant charges that:

"Assuming arguendo that the duplication existing between burglary and aggravated burglary is not violative of the Equal Protection Clause, subsection (A) (3) of aggravated burglary constitutes a denial of Due Process of Law, in violation of the Fourteenth Amendment, where one of the elements of that offense need not be proved by the state in order to sustain a conviction."

Appellant contends, by this argument, that the element of "present or likely to be present" need not be proved and, therefore, the statute is violative of due process of law as established by the Fourteenth Amendment to the United States Constitution.

Initially, we observe that as set forth more fully in the first assignment of error, the statute under which the appellant was sentenced is capable of a constitutional construction which would require the state to prove this element beyond a reasonable doubt. *In re Winship* (1970), 397 U. S. 352. Since it is capable of this construction and since the trial court was bound to give it this construction, the statute cannot be said to be void on its face. *See Washington Court House* v. *McStowe, supra,* and R. C. 1.47, R. C. 1.49, and R. C. 1.50.

Thus, the only question when the matter proceeds to trial is whether the statute would be void because the state was unjustly relieved of its burden of proof on one of its elements. If there had been a trial and that did occur, both the Ohio and United States Constitutions would be violated. However, we have no way of knowing how this portion of the statute would have been applied in the case at bar because the appellant plead guilty and thereby relieved the state of any burden of proof. [6]

---

[6] The trial court did in fact give the statute the proper construction in the process of explaining the nature of the charge to the defendant pursuant to defendant's guilty plea. The transcript from the proceeding includes the following dialogue:

Accordingly, we find this assignment of error to be without merit, and the decision of the lower court is affirmed.

*Judgment affirmed.*

CORRIGAN, C. J., concurs.

DAY, J., dissents.

DAY, J., dissenting.

## I.

I concur in that portion of the majority opinion which holds that the defendant did not waive his right to challenge the constitutionality of the statute. However, I respectfully dissent from the majority disposition of Assignments of Error Nos. 1 and 2.

"The Court: Now, the prosecutor as well as your attorney have indicated that you want to withdraw your plea of not guilty to the offenses of aggravated burglary which are contained in the first and third counts of the indictment. The first of these, you are charged with having burglarized the home or habitation of Luther Hayes on May 25th of this year for the purpose of committing a felony, actually for the purpose of committing a theft, in which home *someone was present or was likely to be present at the time that you broke and entered.* Now, you understand what you are charged with?

"The Defendant: Yes.

"The Court: You are charged with breaking and entering an occupied structure.

"The Defendant: There wasn't nobody there.

"The Court: Well, whether there was, I'll go into that later.

"The Defendant: Oh.

"The Court: *Whether there was or was not, the problem is was there someone likely to be in there at the time?* Now, do you follow me? The state must prove that you broke and entered the residence of another person for the purpose of committing a theft *and that someone was either present in the home or was likely to be present at the time you broke and entered.* Now, that is what to this point you have pleaded not guilty to. Do you understand me?

"The Defendant: Yes."

"The Court: And then *it is the burden of the state to prove beyond a reasonable doubt each of the elements of these two crimes beyond a reasonable doubt.* In other words, it is not your burden to prove that you are innocent. It is the state or the prosecutor's job to prove you guilty. Do you understand that?

"The Defendant: Yes, Sir.

"The Court: For an example, *the state would have to prove beyond a reasonable doubt* that on or about May the 25th of 1976 and in Cuyahoga County that you did break and enter into an occupied structure which was the residence of Luther Hayes for the purpose of committing a theft and that at the time you broke and entered, *someone was either in the house or was likely to be in the house.* Now, this is what the state must prove before a jury can find you guilty, and the state must prove each of these elements beyond a reasonable doubt. Now, do you understand that?

"The Defendant: Yes, Sir." (Emphasis added.)

## II.

There can be no disagreement with the general principle that a court must strain to uphold the constitutionality of a statute. This concept reflects the deference due to the legislative body. However, a principle of statutory construction has relaxed the strain:

"R. C. 2901.04 Rules of construction.

"(A) Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

The majority view is that this statute is inapplicable to the present case because the criminal statutes involved are "distinguishable, rather than ambiguous." Presumably, then, the majority is only stating the clear meaning (to them) as opposed to interpreting. This distinction is, at best, a thin one. For any statute can be deemed unambiguous if the reading ignores all facets of the alleged ambiguity except one. Once the possibility of ambiguity is accepted, R. C. 2901.04 (A) compels a narrow interpretation of the reach of the substantive criminal statute, R. C. 2911.11 (A) (3). With this in mind, consider the merits.

## III.

In my view, the issue presented is whether the plea and sentencing under the aggravated burglary statute violates equal protection because precisely the same act could have been charged under the simple burglary statute carrying a lighter minimum sentence.[7] This possibility, appellant claims, quickens the Equal Protection Clause of the Fourteenth Amendment and the defendant cannot be dealt the heavier sentence. This is so because a prosecutor's whim in charging under one statute or another for identical acts can result in different minimum sentences and will certainly

---

[7] This issue appears to be one of the first impression. In *State, ex rel. Corrigan,* v. *White* (1976), 46 Ohio St. 2d 29, the problem of duplicity was raised, but the Supreme Court found that it was not relevant to the disposition of the writ of *mandamus, id.* at 30. In *State* v. *Kilby* (1977), 50 Ohio St. 2d 21, the present constitutional problem was not raised at all. Although defendant was convicted under R. C. 2911.11 (A) (3), his allegations of error went only to the weight of the evidence and the jury instructions, *id.* at 22. The court, accordingly, decided the appeal solely on those issues.

result in different maxima depending upon which statute the state chooses as a basis for prosecution. [8]

## IV.

Appellant requested to be sentenced under the Burglary statute, R. C. 2911.12. It provides:

"2911.12 Burglary

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony.

"(B) Whoever violates this section is guilty of burglary, a felony of the second degree."

Defendant was indicted, plead, and sentenced under Aggravated Burglary, R. C. 2911.11. That statute states:

"2911.11 Aggravated burglary

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control;

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

"(B) Whoever violates this section is guilty of aggravated burglary, a felony of the first degree."

Each of the statutes specifically refers to the Arson chapter of the Revised Code for the definition of "occupied structure." The definition is found in R. C. 2909.01:

"§2909.01 Definitions. As used in sections 2909.01 to

---

[8] Felony 1 carries a minimum term of 4, 5, 6, or 7 years fixed by the court and a statutory maximum term of 25 years. Felony 2 has court determined minimum terms of 2, 3, 4, or 5 years and a statutory maximum of 15 years.

2909.07 of the Revised Code, an 'occupied structure' is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

"(A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;

"(B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

"(C) Which at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;

"(D) In which at the time any person is present or likely to be present."

Under Burglary, any person who trespasses in an occupied structure with purpose to commit a theft offense or a felony is guilty of a second degree felony. "Occupied structure" under R. C. 2909.01 includes a house:

"(B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;***

"(D) In which at the time any person is present or likely to be present."

Under Aggravated Burglary (A) (3), a person who trespasses in an occupied structure with purpose to commit a theft offense or felony is guilty of a first degree felony when the structure is: "***the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present." R. C. 2911.11 (A) (3).

When the definitional phrases specifically incorporated into the statute by the legislature are inserted, it is apparent that the elements of Burglary and Aggravated Burglary, R. C. 2911.11 (A) (3), are the same. For each statute prohibits a trespass in a structure that is a permanent or temporary habitation in which a person is present or likely to be present. [9]

---

[9] The argument is made that the R. C. 2909.01 definitions (B) and (D) cannot be read together. However, this argument fails because the legislature made plain its intent to allow combinations of qualifying subparagraphs when it introduced them with the phrase "any of the following applies." Moreover, one may read (B) and (D)

This identity renders R. C. 2911.11 (A) (3) constitutionally infirm because it carries a more serious criminal classification than R. C. 2911.12 without proscribing an act coupled with an aggravating circumstance distinct from those found in the Burglary statute. This discrepancy mounts a constitutional fault, for the Equal Protection Clause mandates that persons in like situations be dealt with in a like manner under the law, *Skinner* v. *Oklahoma* (1942), 316 U. S. 535, 541. Thus, the flaw in the instant statute is that it gives the prosecutor unfettered discretion to charge a person under the first degree felony statute (R. C. 2911.11 [A] [3]) without having to prove anything more than is required under the second degree felony "simple" Burglary statute. This power to invidiously discriminate through arbitrary selection between two identical statutes with different penalties cannot be permitted because of its inherent potential for abuse:

"Where***there are no standards governing the exercise of the discretion,***the scheme permits and encourages an arbitrary and discriminatory enforcement of the law. It furnishes a convenient tool for 'harsh and discriminatory enforcement by local prosecuting officials, against particular groups deemed to merit their displeasure.' " *Papachristou* v. *City of Jacksonville* (1972), 405 U. S. 156, 170, 31 L.Ed. 2d 110, 120, quoting *Thornhill* v. *Alabama* (1940), 310 U. S. 88, 97-98. Accord, *People* v. *Favors* (Colo. 1976), 556 P. 2d 72, 74; see also, *Olsen* v. *Delmore* (1956), 295 P. 2d 324, 327.

This unfettered discretion is not only inconsistent with the equal protection guarantees of the Fourteenth Amendment, but it also raises serious questions under the fundamental fairness doctrine of the Due Process Clause. In order to comport with the requirements of that clause a statute: "***must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned* v. *City of Rockford* (1972), 408 U. S. 104, 108-109.

Identical proscriptions with different penalties provide a

---

very closely without discovering a substantive difference between the two. Both R. C. 2911.11 and .12 incorporate the 2909.01 definition of "occupied structure."

classic opportunity for a capricious act of discretion. Such an occasion for official arbitrariness ought not survive a due process test.