THE STATE OF OHIO, APPELLEE, *v.* BERRY, APPELLANT.

(No. 409—Decided April 6, 1983.)

Mr. *Ronald S. Dvorachek,* prosecuting attorney, and Mr. *Dexter K. Bastin,* for appellee.

Messrs. *Cassity, Kelly & Houser* and Mr. *Michael P. Kelly,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Brown County.

Appellant, Jackie Berry, was indicted on a charge of theft, in violation of R.C.

2913.02(A), a felony of the fourth degree, and entered a plea of guilty to the charge. The first plea was withdrawn by appellant with the permission of the trial court. Appellant thereafter filed a motion to dismiss based upon the allegation that the state had failed to prosecute in a timely manner. That motion was overruled by the trial court and, on September 7, 1982, appellant entered a plea of guilty to grand theft.

The following singular assignment of error has been presented to this court:

"The trial court erred to the prejudice of defendant-appellant in overruling defendant-appellant's motion to dismiss this action for failure to prosecute in a timely manner."

Although the briefs of counsel address this issue of "speedy trial," there is a threshold question which must be resolved as to whether the appellant's guilty plea precludes him from raising the issue of "speedy trial" on appeal.

Crim. R. 12(H) provides that a "plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion to suppress evidence."

While Crim. R. 12(H) seems to assert by implication that a plea of no contest is contemplated in those situations in which an appeal is to be taken, Crim. R. 11(B)(1) notes that a "plea of guilty is a complete admission of the defendant's guilt."

In the situation presented *sub judice,* the fundament of the motion to dismiss was not innocence, but the right of the state to prosecute given the lapse of time.

*Ross* v. *Court* (1972), 30 Ohio St. 2d 323 [59 O.O.2d 385], noted that a defendant who entered a plea of guilty waived all nonjurisdictional defects. However, that case concerned itself with the right of a petitioner to *habeas corpus* relief.

In the instant case, the appellant asserts a right which is guaranteed to him by both the United States Constitution and the Ohio Constitution, *i.e.,* the right to a speedy trial. Can he assert that right on appeal after having entered a guilty plea? If so, the state may be precluded from prosecution. It has been held that "while constitutional violations which go to the establishment of factual guilt are rendered irrelevant by a plea of guilty, those violations which go to the ability of the state to prosecute regardless of factual guilt may be raised on appeal from a guilty plea." *State* v. *Wilson* (1978), 60 Ohio App. 2d 377, 378 [14 O.O.3d 351]. We are in accord with what Judge Jackson said in *State* v. *Wilson, supra,* and on that basis, it is appropriate to raise the "speedy trial" issue on appeal from a guilty plea.

R.C. 2945.71(C)(2) provides that a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest, but that period is reduced to ninety days since appellant was incarcerated on the pending charge.

Arguments at the hearing on the motion to dismiss indicated that appellant had spent thirty-eight days in jail prior to entering a plea of guilty on March 29, 1982. The judgment entry on the plea was entered and a presentence investigation was ordered on April 15, 1982. Appellant was sentenced July 28, 1982, and filed his motion to withdraw the guilty plea on August 2, 1982. This motion was granted August 27, 1982, and the cause was set for a trial on September 1, 1982.

On September 1, 1982, appellant filed a motion to dismiss based on lack of a speedy trial.

R.C. 2945.72(E) provides for the tolling of the time provided in R.C. 2945.71 by:

"Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;"

We hold that the state was only chargeable with the time prior to the plea (thirty-eight days) and with the four days between the granting of the motion to set aside the plea of guilty and September 1,

1982, inasmuch as the delay was the result of action made or instituted by the accused.

Therefore, the assignment of error is not well-taken.

It is the order of this court that the judgment herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.