ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Juan D. Green has filed a complaint for a writ of mandamus. Green seeks an order from this court which requires Judge Carolyn Friedland to issue a ruling with regard to a motion captioned "motion to dismiss felony charges for delay of trial" as filed in the underlying action of State v. Green, Cuyahoga County Court of Common Pleas Case No. CR-03-443785. Judge Friedland has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} Initially, we find that Green has failed to comply with Loc.App.R. 45(B)(1)(a) which mandates that the complaint must be supported by an affidavit which specifies the details of the claim. The failure of Green to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires dismissal of the complaint for a writ of mandamus. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported.
 {¶ 3} Green has also failed to state a claim upon which relief can be granted through his complaint for a writ of mandamus. In order for this court to issue a writ of mandamus, Green must establish that: (1) he possesses a clear legal right to the relief prayed; (2) Judge Friedland possesses a clear legal duty to perform the acts requested; and (3) there exists no plain and adequate remedy in the ordinary course of the law.State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 3734 N.E.2d 641; State ex rel. National City Bank v. Bd. of Education (1977),52 Ohio St.2d 81, 369 N.E.2d 1200. In the underlying action, Green entered a plea of guilty to a single count of menacing by stalking (R.C.2903.211). By entering a plea of guilty, Green has waived his right to challenge his conviction or request discharge based upon statutory speedy trial grounds pursuant to R.C. 2945.71. State v. Kelley (1991),57 Ohio St.3d 127, 566 N.E.2d 658; State v. Branch (1983), 9 Ohio App.3d 379,457 N.E.2d 371. Judge Friedland possesses no duty to issue a ruling with regard to Green's motion to dismiss for lack of speedy trial since such a ruling would constitute a vain act. Mandamus will not issue to compel a vain act. State ex rel. Cotton v. Ghee, 84 Ohio St.3d 54, 1998-Ohio-679,701 N.E.2d 989; State ex rel. Thomas v. Ghee, 81 Ohio St.3d 191,1998-Ohio-461, 690 N.E.2d 6.
 {¶ 4} Accordingly, we grant Judge Friedland's motion to dismiss. Costs to Green. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as mandated by Civ.R. 58(B).
Dismissed.
Celebrezze, Jr., P.J., Concurs.
 Corrigan, J., Concurs.