[Cite as *State v. Espinoza-Soriano*, 2020-Ohio-139.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No. E-18-067

      Appellee                                       Trial Court No. CRB 1800489

v.

Jamie Espinoza-Soriano                          **DECISION AND JUDGMENT**

      Appellant                                      Decided:  January 17, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and Anthony A.
Battista III, Assistant Prosecuting Attorney, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**OSOWIK, J.**

**Facts and Procedural History**

{¶ 1} On August 31, 2018, Trooper Brian Dale of the Ohio State Highway Patrol

was conducting "air speed detail" while flying over the Ohio Turnpike in Erie County.

Trooper Dale identified a silver GMC passenger car that was driving over the posted

speed limit.  He notified Trooper Joshua Smith, who was patrolling the turnpike in his

patrol car. Trooper Smith initiated the traffic stop of the vehicle, which was being driven by the defendant-appellant, Jamie Espinoza-Soriano (hereinafter "the defendant"). An unidentified female was in the passenger seat.

{¶ 2} Trooper Smith approached the passenger side window and "immediately * * * noticed the odor of burnt marijuana coming from the vehicle." A second trooper arrived, and each trooper questioned an occupant in his respective patrol car. Trooper Smith questioned the defendant. After being Mirandized and questioned, the defendant, appellant Jamie Espinoza-Soriano, "admitted to there being a marijuana joint located in the center console of the vehicle." Trooper Smith searched the vehicle and located the marijuana joint. No other drugs were found. Trooper Smith testified that the defendant did not appear to be impaired and that he "didn't believe [the defendant had] smoked marijuana." The defendant was charged with knowingly possessing marijuana in a quantity less than 100 grams, in violation of R.C. 2925.11(C)(3)(a), a minor misdemeanor. The citation included a summons that directed the defendant to appear in the Erie County Municipal Court on September 17, 2018.

{¶ 3} The defendant retained counsel who entered a "not guilty" plea on his behalf and requested that the case be set for a pretrial. The court set a pretrial date of September 26, 2018. Prior to that date, the defendant requested that he be excused from personally attending the hearing, based upon the fact that he lived in Michigan, making his attendance burdensome. The trial court granted the request. The defendant also propounded discovery requests on the state.

2.

{¶ 4} No record was created of the September 26, 2018 pretrial hearing, but afterwards, the court set a status hearing for November 28, 2018, according to its "Notice of Assignment" and the clerk's docket.

{¶ 5} On October 10, 2018, the state filed a motion to amend complaint, in which it requested that the court "correct' the complaint to reflect that the defendant had knowingly possessed "marijuana in a quantity less than 30 grams (One (1) marijuana cigarette)," rather than the "less than 100 grams," as was originally charged. No reason for the amendment was given, and the particular statutory provision that the defendant was alleged to have violated did not change, i.e., R.C. 2925.11(C)(3)(a) which provides, "[e]xcept as otherwise provided in division (C)(3)(b) [through] (g) of this section, possession of marihuana is a minor misdemeanor." That section applies to a person charged with possessing marijuana in any amount less than 100 grams. The court granted the state's motion to amend.

{¶ 6} On November 1, 2018, the defendant filed a motion to dismiss the case, and a hearing on the motion was held on November 16, 2018. At that time, the defendant argued that the state had failed to try him within 30 days of service of the summons, in violation of his right to a speedy trial under R.C. 2945.71(A) and that the docket failed to "affirmatively" establish that he had waived that right.

{¶ 7} The state objected. It argued that the speedy-trial clock had been tolled since the September 26, 2018 hearing, when the parties agreed to resolve the case. According to the state, it agreed "to offer [the defendant] diversion in this case in order to

3.

dismiss the possession of marijuana case" and that it further agreed to "amend the marijuana possession [from] less than [one] hundred grams to less than 30 grams." The state told the court that it did so to "take into consideration [the defendant's] issues that he was having with the Immigration Board and becoming a U.S. Citizen." The state told the court that it followed through on its end of the bargain (by moving to amend the complaint) but that the defendant had failed to complete and return the diversion agreement (provided to defense counsel on September 26, 2018).

{¶ 8} Defense counsel agreed that the parties had engaged in "settlement negotiations" during the September 26, 2018 hearing, but she disputed that she had agreed (or could have agreed) to diversion on behalf of her client. Defense counsel further asserted that she had learned, after the hearing, that merely "rewording" the complaint was "not enough" to protect the defendant's immigration status.

{¶ 9} The following is an excerpt between the court and the parties' respective counsel from that hearing:

> THE COURT: [W]as this case where the charge was rewritten * * * as an accommodation and then there was diversion on top of that?
>
> [THE STATE]: Correct, Your Honor, this is that case. * * *
>
> THE COURT: Well, what happened with the diversion?
>
> [THE STATE]: The State never received a completed diversion form signed by the Defendant.
>
> THE COURT: Was an agreement with diversion reached?

[THE STATE]:  There would be no reason to set it for a status hearing [on November 28, 2018] if the diversion agreement was not reached on [September 26, 2018]. * * * That's why the State has argued in its motion that time has been tolled since September 26th because of the fact that the Defendant was, through counsel, agreeing to the diversion at that point, agreeing to the amendment that we made in order to assist him with the immigration court issues. * * *.  The status hearing wouldn't have been set out to November 28th if we didn't have an agreement as to what Defendant's planning to do with diversion.

The Defendant failed then to sign and send back to the Court an agreed upon diversion agreement. * * *

THE COURT:  I remember you, [defense counsel], you represented to the Court that you had all these immigration issues and, and you needed the citation rewritten and you needed diversion and you needed these accommodations to assist your client, and I remember the prosecution agreeing to rewrite the case, and agreeing to diversion. * * * When the parties left the courtroom there was an agreement that had been reached.

[DEFENSE COUNSEL]:  No, Your Honor, my client never wanted diversion.  I've always asserted to the Court that his immigration attorney said diversion would not work for immigration, and I've always left the Court stating that I will talk to him and I'll see what I can get.  I thank the

5.

Prosecutor kindly for rewriting it * * *. [W]e've always left the courtroom with me saying I will go talk to him. He has never once agreed to it.

THE COURT: [T]hat is not my memory of what happened here. My memory of the case was that an agreement was reached and part and parcel of that agreement was the rewriting of the citation to assist in the wording on it and how critical that was.

[DEFENSE COUNSEL]: Yes, Your Honor, I believe the rewording [of] it was critical [but] it turned out * * * it was not enough to just have it reworded.

We understand that the Prosecutor has done a lot to get this to this point, but at the same time, I also understand my client has a right to agree or not agree to the diversion agreement, and he did not agree to it and we've not submitted any time waivers. * * *

{¶ 10} At the conclusion of the hearing, the court ruled against the defendant "on the time issue" and denied his motion to dismiss. A trial was held one week later, on November 21, 2018, at which Trooper Smith testified about the circumstances of the stop. The court found the defendant guilty, as charged, and sentenced him to a fine of $100, plus court costs.

{¶ 11} The defendant appealed and assigns a single assignment of error for our review:

Assignment of Error 1 – The trial court erred when it failed to dismiss the case as the Defendant was not afforded his right to a speedy trial as guaranteed by Section 2945.71 of the Ohio Revised Code, Article 1, Section 10 of the Ohio Constitution, and the 6th and 14th Amendments to the United States Constitution.

**Law and Analysis**

{¶ 12} The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10, of the Ohio Constitution. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). The Ohio legislature adopted the provisions of R.C. 2945.71-.73 to implement these constitutional guarantees. *Id.* "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). The provisions are mandatory, and strict compliance is required by the state. *State v. Hohenberger*, 189 Ohio App.3d 346, 2010-Ohio-4053, 938 N.E.2d 419, ¶ 35 (6th Dist.). We apply a de novo standard of review when reviewing the denial of a motion to dismiss on speedy-trial grounds. *Toledo v. Murray*, 6th Dist. Lucas No. L-12-1325, 2013-Ohio-4747, ¶ 8, citing *State v. Browand*, 9th Dist. Lorain No. 06CA009053, 2007-Ohio-4342, 2007 WL 2409752, ¶ 10.

{¶ 13} R.C. 2945.71(A) provides, "[s]ubject to division (D) of this section, a person * * * against whom a charge of minor misdemeanor is pending in a court of

7.

record shall be brought to trial within thirty days after the person's arrest or the service of summons. *See, e.g., City of Cleveland v. Collins*, 8th Dist. Cuyahoga No. 105804, 2018-Ohio-958, ¶ 58 ("If the defendant is not arrested for the offense, speedy trial time begins on the day he is served with the indictment."). The actual date of service, however, does not count against the state for purposes of determining whether a defendant's right to a speedy trial has been violated. *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, 877 N.E.2d 747, ¶ 24 (11th Dist.). Therefore, in this case, the speedy-trial count began to run on September 1, 2018, the day after the defendant was served with the summons. Under the 30-day time limit set forth in R.C. 2945.71(A), the state was required to try the defendant by September 30, 2018. The defendant's trial took place on November 21, 2018.

{¶ 14} "[W]hen a criminal defendant shows that he was not brought to trial within the proper period, the burden shifts to the State to demonstrate that sufficient time was tolled or extended under the statute." *Hohenberger* at ¶ 35. If the state fails to do so, the trial court is required to dismiss the charges against the defendant. R.C. 2945.73(B).

{¶ 15} The reasons for charging days to the defendant (i.e., tolling speedy-trial time) are outlined in R.C. 2945.72. The statute provides, in relevant part,

> The time within which an accused must be brought to trial * * * may be extended *only by the following*:
>
> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

8.

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion. (Emphasis added.)

{¶ 16} Under R.C. 2945.72(E), delay caused by a defendant's entry and subsequent withdrawal of a plea tolls the speedy-trial time limits. *State v. Berry*, 8 Ohio App.3d 379, 380-81, 457 N.E.2d 371 (12th Dist.1983). Likewise, when the defendant files a motion or demand for discovery, time is tolled for a "reasonable time until the motion is responded to and ruled upon." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 26; R.C. 2945.72(E); *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus.

{¶ 17} Under R.C. 2945.72(H), time is tolled during any continuance requested by the defendant and any reasonable continuance required by the state or the court. In addition to being "reasonable," a continuance for the benefit of the state or the court must also be "necessary." *State v. Willis*, 6th Dist. Wood Nos. WD-15-006 and WD-15-007, 2016-Ohio-616, ¶ 17, citing *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988). Whether such a continuance is reasonable and necessary depends on the facts and circumstances of the case. *Saffell* at 91. To support the reasonableness of and necessity for a continuance granted other than upon the defendant's motion, "a trial court must journalize the continuance before the expiration of the time limit set forth in R.C. 2945.71 and must state the reason for the continuance." *State v. Stamps*, 127 Ohio App.3d 219, 224, 712 N.E.2d 762 (1st Dist.1998); *State v. Hohenberger*, 189 Ohio

9.

App.3d 346, 2010-Ohio-4053, 938 N.E.2d 419, ¶ 47 (6th Dist.). If the journal entry does not contain the reason for the continuance, the reviewing court can look to other evidence in the record to determine whether the continuance was reasonable and necessary. *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 62; *State v. Conkright*, 6th Dist. Lucas No. L-06-1107, 2007-Ohio-5315, ¶ 29. Time is chargeable to the defendant as long as the record affirmatively demonstrates the reasonableness of and the necessity for the continuance. *Myers* at ¶ 62.

{¶ 18} The exceptions set forth in R.C. 2945.72 are the only reasons that speedy-trial time may be extended, and any extension must be strictly construed against the state. *City of Toledo v. Skarlov*, 6th Dist. Lucas Nos. L-15-1303 and L-15-1304, 2017-Ohio-137, ¶ 7.

{¶ 19} The state argues that the defendant's case was subject to numerous tolling events that brought his trial date within the statutory limit.

{¶ 20} The following events are relevant to our speedy-trial determination:

| Date | Event |
|---|---|
| Aug. 31, 2018 | Defendant served with summons. |
| Sept. 20, 2018 | Pretrial conference requested by defendant. |
| Sept. 21, 2018 | Trial court grants defendant's request for pretrial conference and schedules same for Sept. 26, 2018. |
| Sept. 24, 2018 | Defendant serves discovery requests upon the state. |

| | |
|---|---|
| Sept. 26, 2018 | Pretrial held; Trial court sets "status conference" for Nov. 28, 2018. State provides discovery responses to defendant. |
| Nov. 1, 2018 | Defendant files motion to dismiss case. |
| Nov. 16, 2018 | Pretrial conference held on defendant's motion to dismiss. Court denies motion and sets trial date of November 21, 2018. |
| Nov. 21, 2018 | Trial held. Defendant found guilty. |

{¶ 21} First, the state argues, and the defendant agrees, that under R.C. 2945.72(H), time was tolled when (1) the defendant requested a pretrial conference on September 20, 2019 and (2) the defendant demanded discovery from the state on September 24, 2018. As set forth in the table below, those two events account for three days of tolling, one for the trial court to rule on the defendant's request for a pretrial conference and two days for the state to provide discovery responses.

{¶ 22} Second, the state argues that time was tolled beginning on September 26, 2018 when the defendant, through his counsel, "initiated" the process of being "consider[ed] [for] diversion."[1] The defendant, who did not attend the hearing, insists that "the diversion agreement" was tentative in nature and that he never agreed to it.

---

[1] The record before us contains no evidence with respect to Erie County's diversion program. Generally, however, the Ohio Revised Code authorizes prosecuting attorneys to "establish pre-trial diversion programs for adults who are accused of committing criminal offenses and whom the prosecuting attorney believes probably will not offend again." R.C. 2935.36(A). An accused who enters a diversion program "shall" do all of the following: "(1) [w]aive, in writing and contingent upon the accused's successful completion of the program, the accused's right to a speedy trial, * * * (2) [a]gree, in writing, to the tolling while in the program of all periods of limitation established by

11.

{¶ 23} In our view, the crux of the issue is not whether the parties reached a firm agreement at that September 26, 2018 hearing but instead whether, under R.C. 2945.72(E), it may be said that the "period of delay" (that followed the hearing) was "necessitated by reason of * * * motion, proceeding, or action made or instituted by the accused." We find that it was.

{¶ 24} This case is similar to *State v. Long*, 70 Ohio App.3d 810, 592 N.E.2d 977 (2d Dist.1990), where the defendant moved for an extension of time so that she could be considered for diversion, following her arrest for driving under the influence of alcohol, pursuant to R.C. 4511.19(A)(1). That charge obligated the state to try her within 90 days of arrest, under R.C. 2945.71(B)(2). Six months after requesting diversion, the probation department denied it, on the basis that the defendant was not eligible to participate in the program due to a prior conviction. The defendant then filed a motion to dismiss the case on speedy-trial grounds, which the trial court denied. Following her conviction, the defendant appealed. The court of appeals found that "the sole basis * * * for [an] extension [of time] was appellant's consideration for diversion, which ran [for six months]." It determined that, because the "term of consideration was brought about by [the appellant's] own motion," it qualified as a tolling event under R.C. 2945.72(E). *Id.* at 812. The court also found, however, that because the record failed to establish that a

---

statutes or rules of court, that are applicable to the offense with which the accused is charged and to the conditions of the diversion program established by the prosecuting attorney * * *." R.C. 2935.36(B)(1)-(2).

six month delay was necessary, a remand was needed for a determination of whether some of that time might be chargeable to the state. *Id.*

{¶ 25} Here too, the record establishes, and the defendant does not deny, that the sole purpose for scheduling a status conference beyond the speedy-trial timetable was to allow the parties time to position the case towards settlement, which the defendant's trial counsel represented she needed for the purpose of conferring with her client to "see what she could get." Trial counsel also acknowledged that the state amended the complaint at her request ("I thank the Prosecutor kindly for rewriting it * * * [but] it turned out [that] * * * it was not enough to just have it reworded.").

{¶ 26} Under R.C. 2945.72(E), the defendant need not have formally moved for an extension for tolling to occur, and we find that the "period of delay" in this case was "necessitated by * * * action made * * * by the accused." Representations made by trial counsel, which result in the delaying of the trial date, are binding on the defendant, even if done without the defendant's consent. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72 ("Counsel may validly waive defendant's right to a speedy trial without his consent."). Moreover, unlike the situation in *Long*, there was no "unnecessary delay" in this case, and it was the defendant, not the state, who opted out of the proposed settlement. For these reasons, we find that the extension of time granted by the trial court, by order dated September 26, 2018, tolled the speedy-trial clock under R.C. 2945.72(E).

13.

**{¶ 27}** The state argues that tolling after the September 26, 2018 pretrial was also appropriate under R.C. 2945.72(H). When a defendant "merely acquiesces" to the setting of a trial date that is beyond the statutory time period but does not affirmatively join in that motion, the continuance is entered "other than upon the accused's own motion" under R.C. 2945.29(H) and therefore must be also be "reasonable" and "necessary." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 30; *Saffell* at 91. In this case, because there is no record that the defendant requested or joined in the setting of the status conference outside the speedy-trial timetable, time will be tolled under R.C. 2945.72(H) only if the record establishes that it was reasonable and necessary.

**{¶ 28}** For reasons already expressed, we find that it was. Again, those reasons are that the parties expressed a desire to resolve the case and defense counsel needed additional time to review the diversion agreement with her client (who did not attend the hearing); for defense counsel to confer with the defendant's immigration lawyer as to the effect, if any, that diversion would have on defendant's immigration status; and for the state to prepare and file a motion to amend the complaint. Therefore, under R.C. 2945.72(H), we find that the time to bring the defendant to trial was tolled, beginning on September 26, 2018, when the trial court scheduled a status conference outside the speedy-trial timetable.

**{¶ 29}** Before that status conference occurred, the defendant filed a motion to dismiss the case—on November 1, 2018, which the trial court heard, and denied, on November 16, 2018. The state argues that time was tolled during that period of time, and

14.

we agree. *See, e.g., State v. Bickerstaff*, 10 Ohio St.3d 62, 67, 461 N.E.2d 892 (1984) ("A motion to dismiss acts to toll the time in which a defendant must be brought to trial.").

{¶ 30} In sum, we calculate the defendant's speedy-trial time as follows:

| Date | Event | Days Chargeable to State |
|------|-------|---------------------------|
| Sept. 1-20 | | **20** |
| Sept. 20-21 | A reasonable time for the court to grant defendant's request to hold a pretrial conference. 1 day of tolling. | |
| Sept. 22-24 | | **3** |
| Sept. 24-26 | A reasonable time for the state to respond to defendant's discovery demand. 2 days of tolling. | |
| Sept. 26 - Nov. 1 | A reasonable time for the parties to act in furtherance of tentative agreement to resolve the case. 36 days of tolling | |
| Nov. 1-16 | A reasonable time for the trial court to hold a hearing following the filing of the defendant's motion to dismiss the case. 15 days of tolling | |
| Nov. 17-21 | | **5** |
| **Total days chargeable to the state** | | **28** |

{¶ 31} The defendant filed his motion to dismiss on November 1, 2018. As of that date, 62 days had elapsed from the time he was served with the summons. During that period of time, we calculate 39 days of tolling. When we subtract 39 from 62, the total is

23. Therefore, we find no speedy-trial violation as of the time the defendant filed his motion, and the trial court did not err in denying it.

{¶ 32} Likewise, we find no statutory violation with respect to his actual trial. Following the denial of the defendant's motion to dismiss, on November 16, 2018, the state tried the defendant five days later, on November 21, 2018. All of those days are chargeable to the state. Taken together, 23 days (that accumulated prior to the filing of the motion) plus 5 days (following the denial of the motion) equals a total of 28 days that are chargeable to the state. As that number is less than the 30 days within which the state was required to bring the defendant to trial under R.C. 2945.71(A), we conclude that the defendant's statutory speedy-trial right was not violated. Accordingly, we find that the trial court did not violate the defendant's statutory trial rights under Ohio law.

### 1. Constitutional Speedy-Trial Rights

{¶ 33} Although the defendant did not make any arguments related to the violation of his constitutional speedy-trial rights, he assigned violation of his constitutional rights as error. We find no error.

{¶ 34} To determine whether a defendant was deprived of these constitutional rights, we must balance four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy-trial rights, and (4) the prejudice to the defendant. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 88, citing *State v. Selvage*, 80 Ohio St.3d 465, 467, 687 N.E.2d 433 (1997), and *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). But we must first

16.

make a threshold determination that the delay in bringing the defendant to trial was "presumptively prejudicial"; if it was not, we need not inquire into the other factors. *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 23. The Supreme Court of Ohio has recognized that a delay becomes presumptively prejudicial as it approaches one year. *Adams* at ¶ 90, citing *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1. Regardless, whether the length of a delay is presumptively prejudicial is dependent upon the facts and circumstances of each case. *Hull* at ¶ 23.

{¶ 35} At no time did the defendant object to any of the dates set by the trial court, including to the status conference which was set 60 days out. Therefore, we conclude that the defendant's rights to a speedy trial were not violated, since any delays in the proceedings were essentially of the defendant's own making and tolled his statutory and constitutional time for a speedy trial.

{¶ 36} Appellant's assignment of error is not well-taken, and the November 21, 2018 judgment of the Erie County Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____

                JUDGE

Thomas J. Osowik, J.

                _____

Christine E. Mayle, J.       JUDGE
CONCUR.

                _____

                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.