**RAHN, Appellant,**

v.

**CITY OF WHITEHALL, Appellee.**

[Cite as *Rahn v. Whitehall* (1989), 62 Ohio App.3d 62.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–960.

Decided March 16, 1989.

*Postlewaite & O'Brien* and *Charles C. Postlewaite,* for appellant.
*Matan & Smith* and *Steven L. Smith,* for appellee.

STRAUSBAUGH, Judge.

Plaintiff appeals from a judgment of the court of common pleas dismissing her complaint against defendant, the city of Whitehall. The common pleas court concluded that plaintiff's complaint failed to state a claim for relief pursuant to the provisions of R.C. 2744.02(B).

Plaintiff, Sharon L. Rahn, filed her complaint in the common pleas court on April 6, 1988 alleging that defendant's police department negligently conducted a high-speed automobile chase which proximately resulted in injuries to her. Specifically, plaintiff alleged that on March 9, 1986 the Whitehall Police Department initiated pursuit of a vehicle because the driver had "squealed his tires while operating a motor vehicle upon the public streets of said city." Plaintiff further averred that it became obvious to the Whitehall Police

Department that the operator of that vehicle was not cooperating or complying with their request to stop his vehicle, and that numerous incidents occurred which put them on notice that the pursued driver presented a serious risk of danger to innocent third parties operating their vehicles on the streets of Whitehall.

Plaintiff also alleged that the high-speed pursuit was conducted through heavily traveled intersections and that the pursued individual was experiencing difficulty in controlling his vehicle; that the Whitehall Police Department negligently allowed the pursued vehicle to escape capture despite several opportunities to end the chase; that the Whitehall Police Department negligently continued the high-speed pursuit so as to aggravate the circumstances resulting in plaintiff's injuries; and that the high-speed pursuit was conducted in a hazardous, unnecessary and reckless manner despite the existence of alternate avenues for safely tracking and apprehending the pursued driver. As a result of defendant's alleged negligence in conducting this chase, plaintiff claimed extensive physical, emotional, mental and bodily injuries when the pursued vehicle impacted at more than ninety m.p.h. into plaintiff's stopped vehicle.

As a second cause of action, plaintiff alleged that defendant's conduct in conducting the high-speed pursuit was willful and wanton since the Whitehall Police Department failed to exercise any caution whatsoever. Finally, plaintiff alleged that the high-speed pursuit was the equivalent of the police department using deadly force without due caution or regard for the safety of others in a reckless and needless manner.

On May 5, 1988, defendant moved the court, pursuant to Civ.R. 12(B)(6), to dismiss plaintiff's complaint alleging that R.C. 2744.01 and 2744.02(B) statutorily immunized defendant from plaintiff's complaint. Following plaintiff's response, defendant, on July 12, 1988, submitted a supplemental memorandum in support of its motion to dismiss relying upon *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468. Thereafter, on September 28, 1988, the common pleas court sustained defendant's motion to dismiss relying upon *Sawicki, supra.*

Plaintiff now appeals and sets forth the following three assignments of error for our review:

"I. The lower court erred in relying upon the case of *Sawicki v. Ottawa Hills* to sustain defendant's Motion to Dismiss, for said case has no relevence [*sic* ] to the circumstances alleged in plaintiff's complaint and thus is inapplicable to the matter at hand. To dismiss plaintiff's complaint on said basis is clearly erroneous and an abuse of discretion.

"II.  The lower court erred in sustaining defendant's Motion to Dismiss, for plaintiff's complaint raises substantial issues of fact and questions of law under § 2744.02(B) which clearly states a claim upon which relief can be granted.  It must appear *beyond doubt* that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief.  In failing to apply this test, the lower court erred in making its decision.  [Emphasis *sic.*]

"III.  The lower court erred in disallowing plaintiff the right to amend her complaint, if necessary, to state a claim upon which relief can be granted rather than dismissing the entire action.  In doing so, the court erroneously precluded any possibility that the exceptions stated in 2744.02(B) could apply."

██  Under her first assignment of error, plaintiff contends that the trial court's reliance on *Sawicki, supra,* was misplaced in that *Sawicki* merely stands for the proposition that a municipal corporation owes no duty of care as a rescuer so long as the rescuer creates no situation from which the harm arose or a situation which tends to worsen the harm.  Plaintiff contends that this case can be distinguished from *Sawicki* because defendant's conduct in conducting the high-speed chase was clearly an intervening cause which directly resulted in plaintiff's injuries due to either negligent and/or willful and wanton misconduct on the part of defendant.

Initially, we agree with plaintiff that the trial court's reliance upon *Sawicki, supra,* was misplaced since that case did not involve the application of R.C. Chapter 2744.  Rather, *Sawicki* concerns the duty of a municipal police department to *act in the first instance* on behalf of persons outside municipal limits.  *Sawicki* also involves the "public duty rule" and the "special duty exception" to that rule.

In this case, neither issue is present.  There is no allegation in plaintiff's complaint that the police failed to perform a duty, whether imposed by statute or by the "special duty exception" to the general nonliability of municipal corporations for the performance of a public duty.  Accordingly, it was error for the trial court to rely upon *Sawicki*.  However, for the reasons which follow, this court finds that this error, under the facts of this case, is nonprejudicial.

Plaintiff, in her second assignment of error, raises the primary issue for consideration by this court.  Specifically, plaintiff urges this court to conclude that the trial court erroneously applied the provisions of R.C. 2744.02(B).  It is plaintiff's position that subsection (B) immunizes police conduct for the negligent operation of motor vehicles only if such operation was in response to

an "emergency call" and the operation of the vehicle did not constitute willful or wanton misconduct. Accordingly, plaintiff contends that her complaint stated a valid cause of action. We disagree.

First, construing all the allegations of plaintiff's complaint as true, this court is uncertain that the complaint alleges sufficient facts which would constitute misfeasance on the part of defendant in the performance of any duty. To the extent plaintiff's complaint alleges negligence only in the fact that defendant initiated pursuit of the suspect, most jurisdictions which have reviewed this question have refused to impose a duty upon police officials to refrain from pursuing criminal suspects. *Jackson v. Olson* (1985), 77 Ore. App. 41, 45–46, 712 P.2d 128, 131, fn. 4. (Collecting cases.) Accordingly, to the extent plaintiff's complaint alleges negligence on the part of the police in initially deciding to pursue a suspect, we find no duty on the part of defendant *to refrain from chasing the suspect.*

Plaintiff also contends, however, that the police were negligent and/or reckless in the manner in which they pursued the suspect. Even if it be conceded that the common law imposes a duty upon police officers to conduct the pursuit of suspected criminals in a reasonable manner, the immunity provisions of R.C. 2744.02(A) bar the instant suit. Specifically, subsection (A)(1) provides blanket immunity for municipalities in the performance of governmental functions. A governmental function includes the provision of police services or protection and the regulation of the use of public roads and streets, including the regulation of traffic thereon. R.C. 2744.01(C)(2)(a), (e) and (j). This blanket immunity is subject only to the exceptions provided for in R.C. 2744.02(B).

Plaintiff contends that R.C. 2744.02(B)(1) imposes liability upon defendant for the negligent conduct of the high-speed pursuit, and that the immunity to such liability provided by R.C. 2744.02(A)(1) cannot be determined from the face of the complaint. While that analysis may be correct in other cases, it has no application to the instant cause. Nowhere in plaintiff's complaint is there an allegation, nor is there any indication, that defendant was negligent in the operation of its motor vehicles. For example, there is no allegation which indicates defendant failed to activate emergency signals. There is merely the allegation that defendant was either negligent or reckless in the *manner* in which it conducted the chase. Accordingly, plaintiff's reliance upon R.C. 2744.02(B)(1) is misplaced. Cf. *Reenders v. Ontario* (1977), 68 Cal.App.3d 1045, 137 Cal.Rptr. 736.

Finally, plaintiff under her third assignment of error maintains that the trial court erred in dismissing her action, rather than the complaint alone. Although not entirely clear, it appears that plaintiff's position is that even if her initial complaint failed to allege sufficient facts so as to give rise to liability under R.C. 2744.02(B)(1), the trial court was required to allow plaintiff to amend her complaint so as to allege a cause of action pursuant to R.C. 2744.02(B)(1)(a). As support for this position, plaintiff relies on *Schatz v. Cutler* (D.Vt.1975), 395 F.Supp. 271. In *Schatz,* the federal district court recognized a cause of action predicated upon a police officer's aggravated negligence in continuing a high-speed pursuit even though the pursued motorist's negligence may have been the predominant factor in causing the accident.

While the decision in *Schatz, supra,* is unclear as to the exact predicate for the result in that case, it is clear that the federal district court gave no consideration to an immunity statute such as that which exists under R.C. Chapter 2744. As we stated above, the immunity provisions set forth in R.C. 2744.02(A)(1) are not subject to any exception under subdivision (B) so that liability would exist for the negligent manner in which a high-speed chase is conducted. In any event, we find no abuse of discretion on the part of the trial court in overruling plaintiff's *postjudgment* motion to amend her complaint since the proper vehicle for such tactic is Civ.R. 60(B). See, *e.g., Western Ins. Co. v. Lumbermans Mut. Ins. Co.* (1985), 26 Ohio App.3d 137, 26 OBR 354, 499 N.E.2d 1.

Based on the foregoing, plaintiff's three assignments of error are overruled. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and REILLY, J., concur.