[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 191.]

[THE STATE EX REL.] THOMAS, APPELLANT, *v.* GHEE, CHAIR, ET AL., APPELLEES.

[Cite as *State ex rel. Thomas v. Ghee*, 1998-Ohio-461.]

*Mandamus to compel Ohio Adult Parole Authority to remove detainer from relator's record—Writ denied, when.*

(No. 97-1992—Submitted January 13, 1998—Decided March 4, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD04-531.

————————————

{¶ 1} Appellant, Charles Thomas, an inmate at Mansfield Correctional Institution, filed a "motion" for a writ of mandamus in the Court of Appeals for Franklin County. According to Thomas, while he was on parole for a previous conviction, he was arrested and a detainer was filed. Thomas's parole was subsequently revoked following a hearing. Thomas requested a writ of mandamus to compel appellees, Margarette T. Ghee, Chair of the Ohio Parole Board, and the Adult Parole Authority, to "Cancel, Terminate, Expunge, and Remove" the detainer from their records.

{¶ 2} In May 1997, after appellees filed an answer and a motion for judgment on the pleadings, the court of appeals ordered the parties to file evidentiary statements and briefs. Before appellees' deadline to file passed, they moved to stay the court of appeals' May 1997 order until the court resolved their pending motion for judgment on the pleadings. The court of appeals granted appellees' motion to stay. Thomas filed a motion for a default judgment based on appellees' alleged failure to comply with the court of appeals' May 1997 order.

{¶ 3} In August 1997, the court of appeals granted appellees' motion for judgment on the pleadings, denied Thomas's motion for default judgment, and denied the writ. The court of appeals determined that a detainer could properly

issue against Thomas based on hearsay, and that expunging Thomas's record of the detainer would be futile because his parole had already been revoked following a hearing. Thomas later filed a motion to amend his "pleading," and the court of appeals overruled the motion.

{¶ 4} The cause is now before the court upon an appeal as of right.

_____

*Charles Thomas*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *J. Eric Holloway*, Assistant Attorney General, for appellees.

_____

**Per Curiam.**

{¶ 5} Thomas asserts in his propositions of law that the court of appeals erred in granting appellees' motion for judgment on the pleadings and denying his motions for default judgment and to amend his pleading. For the following reasons, we hold that Thomas's propositions are meritless and affirm the judgment of the court of appeals.

{¶ 6} First, as the court of appeals properly determined, Thomas was not entitled to a writ of mandamus to compel appellees to remove the detainer from his record. Because his parole was ultimately revoked, removing the detainer would be futile. See *State ex rel. Strothers v. Turner* (1997), 79 Ohio St.3d 272, 274, 680 N.E.2d 1238, 1239 ("[M]andamus will not issue to compel a vain act."). In addition, the pertinent administrative rule does not prohibit the issuance of detainers based on hearsay. Ohio Adm.Code 5120:1-1-31(A) ("The department of rehabilitation and correction shall have the authority to file a detainer against an offender or otherwise cause the arrest of an offender by the issuance of a detainer whenever there is reasonable cause to believe that such offender has violated or is about to violate any of the terms or conditions of his supervision or sanction and

2

commits an overt act toward such violation."); cf. Crim.R. 4(A)(1), which permits hearsay to support a finding of probable cause for an arrest warrant.

{¶ 7} Second, the court of appeals did not, as Thomas asserts, erroneously rely on the *in forma pauperis* filing requirements for inmates filing civil actions set forth in R.C. 2969.21 to 2969.27. Although appellees raised this argument, the court of appeals did not base its judgment on these provisions. Therefore, we need not determine the applicability of R.C. 2969.21 *et seq*.

{¶ 8} Third, Thomas was not entitled to a default judgment under Civ.R. 55. Appellees did not fail to plead or otherwise defend as provided by the Rules of Civil Procedure. Civ.R. 55(A); *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 637 N.E.2d 325. They timely filed an answer and a motion for judgment on the pleadings. Contrary to Thomas's contention, appellees also did not violate the court of appeals' May 1997 evidence and briefing order because they obtained a stay of that order pending resolution of their motion for judgment on the pleadings.

{¶ 9} Fourth, the court of appeals did not abuse its discretion in denying Thomas's postjudgment motion for leave to amend his pleading. See Civ.R. 15(A); see, *e.g.*, *Rahn v. Whitehall* (1989), 62 Ohio App.3d 62, 574 N.E.2d 567.

{¶ 10} Finally, Thomas should have filed a complaint or petition for a writ of mandamus instead of a "motion." See *Myles v. Wyatt* (1991), 62 Ohio St.3d 191, 580 N.E.2d 1080.

{¶ 11} Based on the foregoing, the court of appeals properly denied the writ. Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————