[THE STATE EX REL.] THOMAS, APPELLANT, *v.* GHEE, CHAIR, ET AL., APPELLEES.

[Cite as *State ex rel. Thomas v. Ghee* (1998), 81 Ohio St.3d 191.]

(No. 97–1992—Submitted January 13, 1998—Decided March 4, 1998.)

Charles Thomas, pro se.

Betty D. Montgomery, Attorney General, and J. Eric Holloway, Assistant Attorney General, for appellees.

---

***Per Curiam.*** Thomas asserts in his propositions of law that the court of appeals erred in granting appellees' motion for judgment on the pleadings and denying his motions for default judgment and to amend his pleading. For the following reasons, we hold that Thomas's propositions are meritless and affirm the judgment of the court of appeals.

First, as the court of appeals properly determined, Thomas was not entitled to a writ of mandamus to compel appellees to remove the detainer from his record. Because his parole was ultimately revoked, removing the detainer would be futile. See *State ex rel. Strothers v. Turner* (1997), 79 Ohio St.3d 272, 274, 680 N.E.2d 1238, 1239 ("[M]andamus will not issue to compel a vain act."). In addition, the pertinent administrative rule does not prohibit the issuance of detainers based on hearsay. Ohio Adm.Code 5120:1-1-31(A) ("The department of rehabilitation and correction shall have the authority to file a detainer against an offender or otherwise cause the arrest of an offender by the issuance of a detainer whenever there is reasonable cause to believe that such offender has violated or is about to violate any of the terms or conditions of his supervision or sanction and commits an overt act toward such violation."); cf. Crim.R. 4(A)(1), which permits hearsay to support a finding of probable cause for an arrest warrant.

Second, the court of appeals did not, as Thomas asserts, erroneously rely on the *in forma pauperis* filing requirements for inmates filing civil actions set forth in R.C. 2969.21 to 2969.27. Although appellees raised this argument, the court of appeals did not base its judgment on these provisions. Therefore, we need not determine the applicability of R.C. 2969.21 *et seq.*

Third, Thomas was not entitled to a default judgment under Civ.R. 55. Appellees did not fail to plead or otherwise defend as provided by the Rules of Civil Procedure. Civ.R. 55(A); *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 637 N.E.2d 325. They timely filed an answer and a motion for judgment on the pleadings. Contrary to Thomas's contention, appellees also did not violate the court of appeals' May 1997 evidence and briefing order because they obtained a stay of that order pending resolution of their motion for judgment on the pleadings.

Fourth, the court of appeals did not abuse its discretion in denying Thomas's postjudgment motion for leave to amend his pleading. See Civ.R. 15(A); see, *e.g.*, *Rahn v. Whitehall* (1989), 62 Ohio App.3d 62, 574 N.E.2d 567.

Finally, Thomas should have filed a complaint or petition for a writ of mandamus instead of a "motion." See *Myles v. Wyatt* (1991), 62 Ohio St.3d 191, 580 N.E.2d 1080.

Based on the foregoing, the court of appeals properly denied the writ. Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.