THE STATE EX REL. YATES, APPELLANT, *v.* OHIO DEPARTMENT OF REHABILITATION AND CORRECTION ET AL., APPELLEES.

[Cite as *State ex rel. Yates v. Ohio Dept. of Rehab. & Corr.* (1998), 84 Ohio St.3d 82.]

(No. 98–1094—Submitted September 28, 1998—Decided December 2, 1998.)

*Danny V. Yates, pro se.*

*Betty D. Montgomery,* Attorney General, and *Brian M. Zets,* Assistant Attorney General, for appellees.

***Per Curiam.*** Yates asserts that the court of appeals erred in denying the writ. For the following reasons, however, Yates's claims lack merit.

First, as the court of appeals concluded, neither Ohio Adm.Code 5120–9–26[1] nor any other administrative regulation imposes a clear legal duty on appellees to permit Yates to be given a polygraph examination at his request.

---

1. Ohio Adm.Code 5120–9–26(B) provides:

"Whenever a request is made by an inmate or staff member of an agency or person outside the Department of Rehabilitation and Correction for an inmate to take a polygraph examination, the following shall apply:

"(1) As a general rule, no such examination shall be authorized without a valid court order.

Second, as we held in *State ex rel. Sheppard v. Koblentz* (1962), 174 Ohio St. 120, 21 O.O.2d 384, 187 N.E.2d 40, syllabus, "[t]here is no clear legal duty on the part of [corrections officers] to permit a prisoner to subject himself to * * * a polygraph test in order to demonstrate his innocence of the crime for which he was convicted; and, the allowing of such test[ ] being strictly within the discretion of such officer[s], a writ of mandamus does not lie to compel such test[ ]."

Third, Yates did not establish any violation of his constitutional rights to due process and equal protection. Because Yates has no constitutional or statutory right to parole, he has no similar right to earlier consideration of parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888.

Finally, Yates should have filed a complaint or petition for a writ of mandamus instead of a "motion * * * in [the] form of appeal." See *State ex rel. Thomas v. Ghee* (1998), 81 Ohio St.3d 191, 193, 690 N.E.2d 6, 7.

Based on the foregoing, the court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

"(2) The agency or person making the request shall be advised of the general rule and of the right to appeal the application of the rule to the facts of the particular case to the Director or his designee.

"(3) The appeal shall be submitted in writing, with the reasons therefor, to the Managing Officer. The Managing Officer shall forthwith forward the appeal with his recommendations to the Director or his designee.

"(4) No inmate or staff member shall be compelled to submit to a polygraph examination without his consent."