[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 82.]

THE STATE EX REL. YATES, APPELLANT, *v.* OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION ET AL., APPELLEES.

[Cite as *State ex rel. Yates v. Ohio Dept. of Rehab. & Corr.*, 1998-Ohio-589.]

*Mandamus to compel Ohio Department of Rehabilitation and Correction to allow relator to be given a polygraph examination with the test results placed in his prison records to support relator's claimed entitlement to an earlier parole release hearing—Writ denied, when.*

(No. 98-1094—Submitted September 28, 1998–Decided December 2, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD08-1133.

_____

{¶ 1} In 1985, appellant, Danny V. Yates, was convicted of felonious assault, having a weapon while under a disability, and accompanying specifications. The trial court sentenced Yates to an aggregate prison term of eleven to eighteen years, with eleven years of actual incarceration. In 1995, Yates was released on parole. In 1996, after Yates violated his parole conditions, the Adult Parole Authority revoked his parole and ordered his return to prison. Yates's next parole release hearing was scheduled for 1999.

{¶ 2} In 1997, in conjunction with a review of Yates's prison records under Ohio Adm.Code 5120:1-1-20 to determine whether he should have an earlier parole release hearing, Yates requested that he be examined by a polygraph expert at his family's expense. Yates wanted the polygraph test results placed in his prison records to support his claimed entitlement to an earlier parole release hearing.

{¶ 3} After his request for a polygraph examination was denied, Yates filed a "motion" in the court of appeals "for issuance of writ of mandamus in form of appeal." Yates requested a writ of mandamus to compel appellees, Ohio Department of Rehabilitation and Correction, its director, Reginald Wilkinson, and Marion Correctional Institution Warden Christine Money, to allow him to be given a polygraph examination. Yates claimed that the writ should be granted based on

Ohio Adm.Code 5120-9-26. Yates also alleged that he was merely seeking the same opportunity to provide mitigating evidence that other inmates had been afforded. Following the filing of Yates's motion, an Ohio Parole Board hearing officer determined that an earlier parole release hearing for Yates was not warranted. After the parties filed merit briefs and evidence, the court of appeals denied the writ.

{¶ 4} This cause is now before the court upon an appeal as of right.

_____

*Danny V. Yates, pro se*.

*Betty D. Montgomery*, Attorney General, and *Brian M. Zets*, Assistant Attorney General, for appellees.

_____

*Per Curiam.*

{¶ 5} Yates asserts that the court of appeals erred in denying the writ. For the following reasons, however, Yates's claims lack merit.

{¶ 6} First, as the court of appeals concluded, neither Ohio Adm.Code 5120-9-26[1] nor any other administrative regulation imposes a clear legal duty on appellees to permit Yates to be given a polygraph examination at his request.

---

[1] 1.  Ohio Adm.Code 5120-9-26(B) provides:

"Whenever a request is made by an inmate or staff member of an agency or person outside the Department of Rehabilitation and Correction for an inmate to take a polygraph examination, the following shall apply:

"(1) As a general rule, no such examination shall be authorized without a valid court order.

"(2) The agency or person making the request shall be advised of the general rule and of the right to appeal the application of the rule to the facts of the particular case to the Director or his designee.

"(3) The appeal shall be submitted in writing, with the reasons therefor, to the Managing Officer. The Managing Officer shall forthwith forward the appeal with his recommendations to the Director or his designee.

"(4) No inmate or staff member shall be compelled to submit to a polygraph examination without his consent."

**{¶ 7}** Second, as we held in *State ex rel. Sheppard v. Koblentz* (1962), 174 Ohio St. 120, 21 O.O.2d 384, 187 N.E.2d 40, syllabus, "[t]here is no clear legal duty on the part of [corrections officers] to permit a prisoner to subject himself to * * * a polygraph test in order to demonstrate his innocence of the crime for which he was convicted; and, the allowing of such test[ ] being strictly within the discretion of such officer[s], a writ of mandamus does not lie to compel such test[ ]."

**{¶ 8}** Third, Yates did not establish any violation of his constitutional rights to due process and equal protection. Because Yates has no constitutional or statutory right to parole, he has no similar right to earlier consideration of parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888.

**{¶ 9}** Finally, Yates should have filed a complaint or petition for a writ of mandamus instead of a "motion * * * in [the] form of appeal." See *State ex rel. Thomas v. Ghee* (1998), 81 Ohio St.3d 191, 193, 690 N.E.2d 6, 7.

**{¶ 10}** Based on the foregoing, the court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————