OPINION
Appellants, Paul Myers and Jack Whitaker, appeal a judgment of the Court of Common Pleas of Hardin County, denying their request for a Writ of Mandamus. For the reasons that follow, we dismiss Appellants' appeal due to laches and mootness.
On November 16, 1999, the Council of the Village of Alger, Ohio (the "Village") enacted Ordinance No. 99-17, which was to take effect thirty days after its enactment. During that period, Appellants each circulated a referendum petition, asking that Ordinance No. 99-17 be submitted to a vote of the electors of the Village during the general election on November 7, 2000. Twenty-eight signatures are required for the matter to be placed on the ballot.
On December 15, 1999, Appellant, Whitaker, went to the residence of Bob and Juanita Kindle, seeking signatures for the petition. At that time, unbeknownst to Whitaker, Juanita Kindle signed both her name and her husband's name on the petition. Thereafter, Whitaker affixed his signature at the bottom of the petition, attesting that he witnessed every signature on the petition. On December 18, 1999, Whitaker, submitted a petition to Appellee, the Hardin County Board of Elections, containing sixteen signatures and Appellant, Myers, submitted a petition containing twenty-eight signatures.
On December 30, 1999, Appellee reviewed the petitions and voted not to certify them because of an insufficient number of valid signatures. Specifically, Appellee invalidated the entire petition submitted by Whitaker pursuant to R.C. 3501.38(D),(E), (F), because one voter's signature had been ascribed by another voter in the same household. Appellee also invalidated one signature on the petition submitted by Myers pursuant to R.C. 3501.38(C), because one voter was registered at a residence not on file with the Board of Elections. Therefore, Appellee found that only twenty-seven of the required twenty-eight signatures were valid.
Subsequently, on January 18, 2000, Appellants petitioned the trial court for a Writ of Mandamus, directing Appellee to place the issue of Ordinance No. 99-17 on the general election ballot on November 7, 2000. On February 11, 2000, Appellee moved to dismiss this matter, which the trial court overruled on March 20, 2000. On August 14, 2000, this matter came on for hearing before the trial court. On August 24, 2000, the trial court entered judgment denying Appellants' petition for a Writ of Mandamus, finding that the petition process was tainted by fraud because Whitaker negligently failed to witness every signature on the petition and stated falsely that he had done so. The trial court then filed its findings on September 6, 2000.
On September 25, 2000, Appellants filed a notice of appeal from the trial court's judgment denying their petition for a Writ of Mandamus. Thereafter, on October 31, 2000, Appellants filed a motion for an expedited hearing of their appeal. On November 1, 2000, Appellee responded, arguing that Appellants should have requested an expedited hearing at an earlier date or, at a minimum, requested that this matter be placed on the accelerated appeals calendar. On November 6, 2000, this Court found that Appellants did not set forth good cause for an expedited hearing and, thus, denied their motion.
Appellants assign one error for our review.
 The trial court committed and [sic] error prejudicial to the Appellant/Relators in holding that an election circulator of a part petition who negligently allows one spouse to sign the name of another spouse on the part petition, where both spouses are present has so failed in his duty as a circulator as to permit a Board of Elections from rejecting the entire part petition and not simply the single signature that is illegal on the petition.
 Before we reach the merits of Appellants' assignment of error, we must first address the following issues.
The Supreme Court of Ohio has previously stated, "[i]f a party seeking extraordinary relief in an election-related matter fails to act with the requisite diligence and promptness, laches may bar the action." State exrel. Bona v. Orange (1999), 85 Ohio St.3d 18, 20-21, citing State exrel. Ascani v. Stark Cty. Bd. Of Elections (1998), 83 Ohio St.3d 490,493. The record, herein, demonstrates that Appellants did not file their appeal until thirty-one days after the trial court's August 24, 2000 judgment entry denying their motion for a Writ of Mandamus and nineteen days after the court's findings filed on September 6, 2000. Additionally, Appellants did not file their motion for an expedited hearing on their appeal until seven days prior to the general election.
Despite the fact that Appellants filed both an appeal and a motion for an expedited appeal, they failed to act with the requisite diligence and promptness. Therefore, laches should bar their action.
The Court also stated, "election cases are moot where the relief sought is to have a name or an issue placed on the ballot and the election was held before the case could be decided." Bona, supra, at 21, quoting In reProtest Filed by Citizens for the Merit Selection of Judges, Inc.
(1990), 49 Ohio St.3d 102, 103. Because the general election was held on November 7, 2000, the issue before us is now moot.
Additionally, this is not a case where the merit issues raised are capable of repetition yet evading review. If the Appellants had acted with the requisite diligence, the merits of their appeal would not necessarily have evaded review. See, Bona, at 22. Furthermore, this appeal is not viable because there is no evidence in the record to suggest the Village would have repealed Ordinance No. 99-17. See, Id. "Mandamus will not issue to compel a vain act." Id., citing State ex rel. Thomasv. Ghee (1998), 81 Ohio St.3d 191, 192.
Accordingly, based on the foregoing, we dismiss this appeal due to laches and mootness and, therefore, do not reach the merits of Appellants' assignment of error.
BRYANT and HADLEY, JJ., concur.