[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 463.]

THE STATE EX REL. WHITESIDE, APPELLANT, *v.* FAIS, JUDGE, APPELLEE.

[Cite as *State ex rel. Whiteside v. Fais*, 2001-Ohio-97.]

*Mandamus sought to compel common pleas court judge to rule on relator's petition for postconviction relief—Court of appeals' denial of writ affirmed.*

(No. 00-1957—Submitted March 27, 2001—Decided May 23, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1482.

————————————

*Per Curiam.*

{¶ 1} In 1986, appellant, Norman V. Whiteside, was convicted of two counts of conspiracy to commit aggravated murder, and sentenced to prison. On appeal, the conviction was affirmed. *State v. Whiteside* (Feb. 10, 1987), Franklin App. No. 86AP-325, unreported, 1987 WL 6532. Whiteside subsequently filed a petition for postconviction relief.

{¶ 2} In December 1999, Whiteside filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellee, Franklin County Court of Common Pleas Judge David Fais, to rule on his postconviction-relief petition. Whiteside also filed an affidavit of indigency in which he stated generally that he could not "afford the costs associated" with the case, that he was "indigent according to the law," and that he had "no properties or securities to oblige such costs." A court-appointed magistrate denied Whiteside's motion to proceed *in forma pauperis*.

{¶ 3} In January 2000, Judge Fais moved for summary judgment, attaching to his motion a copy of his judgment denying Whiteside's petition for postconviction relief. The magistrate recommended that the court of appeals grant the motion and deny the writ. Whiteside filed objections to the magistrate's

decision in which he asserted that his request for *in forma pauperis* status had been erroneously denied and that his mother had paid the filing fee. Whiteside subsequently filed supplemental objections in which he requested that the court convert his mandamus action to a prohibition action. Although his request to convert was not entirely clear, it appears that Whiteside claimed that either double jeopardy considerations or *res judicata* barred Judge Fais from ruling against his postconviction claim. In September 2000, the court of appeals overruled Whiteside's objections, adopted the magistrate's decision, and denied the writ.

{¶ 4} This cause is now before the court upon Whiteside's appeal of right.

{¶ 5} Whiteside asserts that the court of appeals erred in denying the writ because Judge Fais erroneously ruled on his petition for postconviction relief and his mandamus claim should have been converted to a prohibition action. Whiteside's assertions lack merit. He specifically requested in his complaint that Judge Fais rule on his petition for postconviction relief, and Judge Fais did exactly what Whiteside requested by ruling on the petition. Mandamus will not issue to compel an act that has already been performed. *State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456, 457, 732 N.E.2d 983, 984. Any error in the ruling could have been challenged by appeal.

{¶ 6} In addition, the court of appeals did not err in failing to convert the mandamus action to one in prohibition. Double jeopardy claims are not cognizable in prohibition. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 338, 686 N.E.2d 267, 269-270. And " '*res judicata* is not a basis for prohibition because it does not divest a trial court of jurisdiction to decide its applicability and it can be raised adequately by postjudgment appeal.' " *State ex rel. Miller v. Reed* (1999), 87 Ohio St.3d 159, 160, 718 N.E.2d 428, 429, quoting *State ex rel. Soukup v. Celebrezze* (1998), 83 Ohio St.3d 549, 550, 700 N.E.2d 1278, 1280.

{¶ 7} Whiteside further claims that the court of appeals erred in applying the *in forma pauperis* filing requirements of R.C. 2969.22, which applies to inmates

2

filing civil actions against government entities or employees. But the court of appeals did not specify that its denial of *in forma pauperis* status to Whiteside was based on R.C. 2969.22. Therefore, we need not consider the applicability of R.C. 2969.22 to Whiteside's mandamus action. See *State ex rel. Thomas v. Ghee* (1998), 81 Ohio St.3d 191, 193, 690 N.E.2d 6, 7.

{¶ 8} In fact, the denial of *in forma pauperis* status to Whiteside was justified because of his failure to comply with Loc.App.R. 12(B) of the court of appeals, which provides that "[a] party claiming to be indigent shall file with the complaint a motion for leave to proceed *in forma pauperis supported by an affidavit* showing indigency and *indicating the party's actual financial condition and the disposition of any request for similar leave sought in any other court*." (Emphasis added.) Whiteside's affidavit of indigency neither indicated his "actual financial condition" nor included the "disposition of any request for similar leave sought in any other court." Instead, Whiteside relied on general assertions of indigency.

{¶ 9} Based on the foregoing, the court of appeals did not err in denying the writ and Whiteside's motion to proceed *in forma pauperis*. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Norman V. Whiteside, pro se*.

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *Richard F. Hoffman*, Assistant Prosecuting Attorney, for appellee.

_____