OPINION AND JOURNAL ENTRY
{¶ 1} Petition for Writ of Mandamus was filed on November 25, 2003 seeking an order to compel Respondent, Mahoning County Sheriff Randall Wellington to enforce a writ of execution issued in Mahoning County Court No. 4 Case Number 03 CVG 01406, a forcible entry and detainer action captioned GMS Management Co.,Inc. v. Deanna M. Hosey. Relator asserts that on November 4, 2003, the county court issued to Respondent a writ of execution on a judgment of restitution pursuant to R.C. 1923.13(A). The referenced statutory section provides that within ten days the sheriff must execute it and restore the plaintiff to possession of the premises. Relator also claims that the Respondent has repeatedly refused to enforce writs of execution issued by Mahoning County Court No. 4 within ten days as required by law.
 {¶ 2} On December 19, 2003, Respondent filed an Answer and a Motion for Summary Judgment. Attached to the Motion is an affidavit of Major Michael Budd, Field Operations Supervisor with the Mahoning County Sheriff's Department. Major Budd notes that the writ of restitution was posted at the referenced premises on November 14, 2003 and specified a set out date of December 3, 2003. He further avers that on December 3, 2003, Deanna M. Hosey was locked out of the premises she formerly rented. Respondent argues that the petition is moot.
 {¶ 3} In order to issue a writ of mandamus a court must find that a relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act and that there is no plain and adequate remedy available in the ordinary course of the law. State ex rel.Hodges v. Taft (1992), 64 Ohio St.3d 1, 591 N.E.2d 1186. See, also, R.C. 2731.05.
 {¶ 4} Section 1923.14 of the Revised Code recites:
 {¶ 5} "Except as otherwise provided in this section, within ten days after receiving the writ of execution described in division (A) or (B) of section 1923.13 of the Revised Code, the sheriff, police officer, constable, or bailiff shall execute it by restoring the plaintiff to the possession of the premises, and shall levy and collect the costs and make return, as upon other execution * * *."
 {¶ 6} Respondent admits that it received the Writ of Execution on November 5, 2003 and posted it on the affected premises on November 14, 2003 with a set out date of December 3, 2003. A straightforward reading of the statute leads to the reasonable interpretation that the writ of restitution is to be executed within ten days after it is received. Under the uncontroverted facts of this case the writ should have been enforced no later than November 15, 2003. There is no provision in the statute to allow the sheriff to establish a grace period within which the tenant may have an opportunity to vacate the premises. While we note that the judgment of restitution was issued on November 3, 2003, and it is not unreasonable to allow a tenant a brief period of time to vacate the premises, there is no discretion afforded the sheriff in establishing a set out date.
 {¶ 7} In the case sub judice Respondent asserts that the tenant was locked out of the premises on December 3, 2003. Such action arguably renders the petition moot.
 {¶ 8} It is well established that the extraordinary writ of mandamus will not issue to compel a public official to perform a legal duty which has been completed. State ex rel. Gantt v.Coleman (1983), 6 Ohio St.3d 5, citing State ex rel. Breaux v.Court of Common Pleas (1977), 50 Ohio St.2d 164. A writ of mandamus will not issue to compel an act already performed.State ex rel. Jernighan v. Cuyahoga Cty. Court of Common Pleas
(1996), 64 Ohio St.3d 278; State ex rel. Eads v. Callahan
(1998), 82 Ohio St.3d 405; State ex rel. Whiteside v. Fais
(2001), 91 Ohio St.3d 463, 746 N.E.2d 1113.
 {¶ 9} We also note that Relator is asserting a claim that Respondent has repeatedly refused to enforce writs of execution issued by Mahoning County Court No. 4 within ten days as required by statute. We acknowledge that a mandamus action may not be rendered moot, if the action complained of is capable of repetition yet evading review. State ex rel. Consumer News Serv.Inc. v. Worthington Bd. of Edn. (2002), 97 Ohio St.3d 58,2002-Ohio-5311. However, there is a clear distinction between the case cited above and this proceeding. Worthington involved a public records request under R.C. 149.43. The respondents inWorthington had a historical lack of diligence in complying with public-records requests by the media. Respondents inWorthington had meritless claimed justifications for delaying access to the public records requested.
 {¶ 10} Relator has not persuaded this Court that this action contains elements substantially similar to Worthington, such that it should be viewed as capable of repetition yet evading review. However, this mandamus action serves as an initial complaint of noncompliance with a statutory obligation, which may later be viewed as a starting point to establish a history of lack of due diligence.
 {¶ 11} This case falls within the general rule that mandamus will not issue to compel the general observance of laws in the future. State ex rel. Kirk v. Burcham (1998),82 Ohio St.3d 407, 409. Nonetheless, the exception to the general rule as noted in Worthington may apply in future actions, should the Respondent disregard his statutory obligation to timely execute writs of restitution.
 {¶ 12} Accordingly, the Respondent's motion for summary judgment is granted and this petition is dismissed as moot.
 {¶ 13} Costs are taxed against Relator.
 {¶ 14} Final order. Clerk to serve notice as provided in the civil rules.
Waite, P.J., Donofrio and Vukovich, JJ., concur.