[Cite as *Perry v. Liberty Twp.*, 2013-Ohio-741.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| RASHIDA PERRY, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF S.N.K., A MINOR, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellants, | : | **CASE NO. 2012-T-0056** |
| | : | |
| - vs - | : | |
| | : | |
| LIBERTY TOWNSHIP, BY & THROUGH PATRICK UNGARO, ADMINISTRATOR, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 00778.

Judgment: Affirmed.

*Angela J. Mikulka* and *Thomas L. Mikulka*, The Mikulka Law Firm, L.L.C., 134 Westchester Drive, Youngstown, OH 44515 (For Plaintiffs-Appellants).

*Mel L. Lute, Jr.,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Defendants-Appellees).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellants, Rashida Perry, Teeya Graham, and Roberta Robinson, appeal the Judgment Entry of the Trumbull County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Liberty Township and unnamed Liberty Township Employees. The issues before this court are whether a municipality/police officers are the proximate cause of injuries to third persons caused

by a fleeing suspect and whether the pursuit of a suspect constitutes an "emergency call," for the purposes of political subdivision immunity, when the pursuit is not conducted in accordance with police department guidelines. For the following reasons, we affirm the decision of the court below.

{¶2} On April 12, 2011, Rashida Perry, Teeya Graham, and Roberta Robinson filed a Complaint, individually and as the parents and next friends of certain minor children, against Liberty Township and unnamed Liberty Township Employees, in the Trumbull County Court of Common Pleas. The Complaint alleged that, on November 23, 2006, officers of the Liberty Police Department negligently and/or wantonly and recklessly "commenced a police chase for a minor traffic offense in a situation which did not rise to the level of an emergency call," and, "without due care for the rights and safety of other, pursued said fleeing vehicle that it (sic) knew to be posing an unreasonable danger to the public." As a direct and proximate result of the officers' pursuit, "the fleeing vehicle crashed into a disabled vehicle and thereafter struck the minor children of the several plaintiffs."

{¶3} On May 10, 2011, Liberty Township and its Employees filed their Answer.

{¶4} On November 7, 2011, Liberty Township filed a Motion for Summary Judgment. Attached to the Motion was the Affidavit of Patrolman Michael Janovick of the Liberty Township Police Department. Janovick stated that, on November 23, 2006, he stopped a "light grey Oldsmobile" on Granada Avenue for not having a front license plate. As he approached the Oldsmobile, "the driver put the vehicle in gear and fled eastbound on Granada." At this time, Patrolman Ray Buhala, also of the Liberty Township Police Department, was approaching and initiated a pursuit. "[V]ery shortly

2

after [its] beginning," Buhala radioed "to dispatch indicating that the pursuit was being terminated," and Janovick "deactivated the lights and siren on [his] cruiser and lost sight of the fleeing vehicle."

{¶5}  Patrolman Buhala testified, by Affidavit, that he "observe[d] the [fleeing] vehicle disregard a posted stop sign at Granada and Guadalupe [Avenue] and made a decision to terminate any further attempt to stop the suspect vehicle."  After deactivating his overhead lights and siren, Buhala turned north on Goleta Avenue and east on Gypsy Lane.  Thereupon, he was advised by another motorist of an accident on Granada Avenue.  "Upon arrival, [Buhala] observed the suspect vehicle that fled the traffic stop, unoccupied and crashed into a tree in the yard of a house north of the intersection of Granada and Cordova [Avenue]."  The distance from the "intersection of Granada and Guadalupe where [Buhala] terminated the pursuit is five streets and almost one mile from the location where the Oldsmobile allegedly struck the plaintiffs."

{¶6}  On March 15, 2012, the plaintiffs filed their Opposition to Defendants' Motion for Summary Judgment.  In support of their Opposition, the plaintiffs submitted the Affidavit of Dontae Hubbert, the driver of the Oldsmobile on the date in question.  Hubbert stated that, after fleeing the police officers, he "drove straight down Granada at about 45 mph."  At the intersection of Granada and Fifth Avenue, Hubbert could see one patrol car with "its lights flashing in my rear view mirror."  Hubbert continued eastbound on Granada before striking a stopped vehicle in the roadway.  Hubbert "lost control and spun out in a yard" as the "car went backwards into a tree."

{¶7}  The plaintiffs also submitted the Affidavit of Victor M. Thomas, who was visiting family near the intersection of Granada and Cordova on the date in question.

3

"There was a car * * * parked in the street toward the corner and it had its flashers on." Thomas observed a vehicle "moving through the yards and it took some of the kids with it," before coming to rest against a tree. "Almost immediately when the car hit the tree, there were two Liberty police cruisers there." Thomas stated he was "sure that as soon as that car hit that tree, the two Liberty police cars were there."

{¶8} On June 14, 2012, the trial court issued a Judgment Entry, granting Liberty Township's Motion for Summary Judgment. The court found "that all Defendants are immune as a matter of law under Ohio Revised Code Chapter 2744," and that, as a matter of law, "any act or failure to act on the part of Defendant Liberty Township and the officers from Liberty Township were not the legal proximate caus[e] of Plaintiffs' injuries."

{¶9} On July 10, 2012, the plaintiffs filed their Notice of Appeal. On appeal, they raise the following assignments of error:

{¶10} "[1.] Defendants Liberty Township and Officers Janovick and Buhala are not immune from liability under Ohio law for their negligent acts."

{¶11} "[2.] In the alternative, Defendants/Officers Janovick and Buhala are not immune from liability under Ohio law because their actions in this case were willful, reckless and wanton."

{¶12} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is

4

made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under this standard, the reviewing court conducts an independent review of the evidence before the trial court and renders a decision de novo, i.e., as a matter of law and without deference to the conclusions of the lower court. *Bd. of Rootstown Twp. Trustees v. Rootstown Water Serv. Co.*, 11th Dist. No. 2011-P-0084, 2012-Ohio-3888, ¶ 19.

{¶13} The determinative issue in this appeal is the degree to which Liberty Township and Patrolmen Janovick and Buhala are entitled to the protections of Ohio's Political Subdivision Tort Liability Act.

{¶14} Liberty Township is generally immune from civil liability for actions taken by it or its employees in connection with a governmental function, such as the operation of a police department. R.C. 2744.02(A)(1) ("a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function"); R.C. 2744.01(C)(2)(a) ("[a] 'governmental function' includes * * * [t]he provision or nonprovision of police * * * services or protection").

{¶15} However, "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority," except where "[a] member of a municipal corporation police department or

5

any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct." R.C. 2744.02(B)(1)(a). An "emergency call" is defined as "a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." R.C. 2744.01(A).

{¶16} On appeal, the plaintiffs argue the trial court erred in finding Liberty Township and Patrolmen Janovick and Buhala were entitled to immunity. They contend that Janovick's and Buhala's admissions that the pursuit had terminated deprived them of any claim to immunity under the "emergency call" exception. Therefore, a negligence standard should be applied to assess Liberty Township's liability. Under this standard, the plaintiffs further contend, a genuine issue of material fact exists as to whether the patrolmen were negligent in initiating and continuing the pursuit of a fleeing suspect for a registration violation through a residential area.

{¶17} The issue of whether Liberty Township and Patrolmen Janovick and Buhala were entitled to immunity under the "emergency call" exception becomes irrelevant, however, if, as the trial court found, Patrolmen Janovick and Buhala were not, as a matter of law, the proximate cause of the plaintiffs' injuries. Stated otherwise, if Patrolmen Janovick's and Buhala's conduct did not proximately cause the plaintiffs' injuries, there is no legal basis for holding Liberty Township liable for those injuries. *Whitfield v. Dayton*, 167 Ohio App.3d 172, 2006-Ohio-2917, 854 N.E.2d 532, ¶ 44 (2nd Dist.) ("[s]ince there must always be a causal connection between disputed conduct and an injury, a plaintiff would have to satisfy proximate cause requirements even if an

6

officer's conduct is wanton or reckless"); *Kovacic v. Eastlake*, 11th Dist. No. 2005-L-205, 2006-Ohio-7016, ¶ 87 ("[w]ithout any causal connection to a cognizable injury, [the officer] is entitled to summary judgment regardless of whether his conduct is considered willful and wanton").

{¶18} The trial court relied on the case of *Lewis v. Bland*, 75 Ohio App.3d 453, 599 N.E.2d 814 (9th Dist.1991), for the following proposition: "When a law enforcement officer pursues a fleeing violator and the violator injures a third party as a result of the chase, the officer's pursuit is not the proximate cause of those injuries unless the circumstances indicate extreme or outrageous conduct by the officer, as the possibility that the violator will injure a third party is too remote to create liability until the officer's conduct becomes extreme." *Id.* at 456.

{¶19} The holding of *Lewis* has been recognized as "established law." *Whitfield* at ¶ 59. "Ohio appellate districts * * * have continued to apply the 'no proximate cause' holding of *Lewis* to cases where pursuits end in injury to innocent third parties or to occupants of the pursued vehicle, without direct contact with a police vehicle." *Id.* at ¶ 57. The following examples are cited in *Whitfield*: *Jackson v. Poland Twp.*, 7th Dist. Nos. 96 C.A. 261, 97 C.A. 13, and 98 C.A. 105, 1999 Ohio App. LEXIS 4703, *20-21 (Sept. 29, 1999) (finding no proximate cause where pursued vehicle crashed into tree, killing passenger); *Heard v. Toledo*, 6th Dist. No. L-03-1032, 2003-Ohio-5191, ¶ 11-12 (finding no proximate cause where a third party was killed in a collision with pursued vehicle, and rejecting the argument that *Lewis* is "outdated"); *Pylypiv v. Parma*, 8th Dist. No. 85995, 2005-Ohio-6364, ¶ 33 (pursuit was not proximate cause of an accident that killed two persons on a motorcycle that was being pursued); *Shalkhauser v. Medina*,

148 Ohio App.3d 41, 2002-Ohio-222, 772 N.E.2d 129, ¶ 45-49 (Ninth Appellate District follows its prior decision in *Lewis* and finds no proximate cause where pursued vehicle collided with a third party).

{¶20} The plaintiffs urge this court not to follow *Lewis*, relying on the dissenting judge's argument in *Whitfield* that "multiple actors may combine to provide causation in a given instance." 2006-Ohio-2917, at ¶ 118 (Brogan, J., dissenting).

{¶21} Under the facts of the present case, reasonable minds could only conclude that Hubbert was the sole proximate cause of the plaintiffs' injuries. This is not the stereotypical situation where a fleeing suspect loses control of his vehicle after police have engaged him in a high-speed chase. In the present case, Hubbert fled after the patrolmen had initiated a lawful stop. According to his own Affidavit, Hubbert "drove straight down Granada at about 45 mph" (or 50 mph according to Patrolman Buhala's Affidavit). Less than a mile away from the attempted stop, Hubbert struck a stationary vehicle in the roadway, which caused him to lose control so that he "spun out in a yard." According to Thomas' Affidavit, the vehicle "had been parked in the street * * * and it had its flashers on." Construing the evidence most strongly in the plaintiffs' favor, Hubbert was pursued for a short distance at moderate speeds and inexplicably struck a stationary vehicle with flashing lights.

{¶22} The only possible causal connection between the plaintiffs' injuries and the actions of Patrolmen Janovick and Buhala is that the patrolmen decided to pursue a fleeing suspect. The decision to pursue a suspect, however, does not constitute the operation of a motor vehicle for the purposes of R.C. 2744.02(B)(1)(a). "The R.C. 2744.02(B)(1) exception to political subdivision immunity applies only where an

8

employee *negligently operates* a motor vehicle; decisions concerning whether to pursue a suspect and the manner of pursuit are beyond the scope of the exception for negligent operation of a motor vehicle." (Emphasis sic.) *Shalkhauser*, 2002-Ohio-222, at ¶ 28; *Rahn v. Whitehall*, 62 Ohio App.3d 62, 66, 574 N.E.2d 567 (10th Dist.1989) ("[t]o the extent plaintiff's complaint alleges negligence only in the fact that defendant initiated pursuit of the suspect, most jurisdictions which have reviewed this question have refused to impose a duty upon police officials to refrain from pursuing criminal suspects"); *Lowder v. Linndale*, N.D. Ohio No. 1:10 CV 1179, 2011 U.S. Dist. LEXIS 38903 (Mar. 31, 2011), *12-13 (following *Shalkhauser* and *Rahn*).

{¶23} As the plaintiffs failed to demonstrate a causal connection between their injuries and any actionable conduct by Patrolmen Janovick and Buhala, Liberty Township was entitled to summary judgment.

{¶24} The first assignment of error is without merit.

{¶25} In the second assignment of error, the plaintiffs contend that a genuine issue of material fact exists as to whether Patrolmen Janovick's and Buhala's conduct was willful, reckless, and/or wanton. *Compare* R.C. 2744.03(A)(6) ("the employee [of a political subdivision] is immune from liability unless * * * [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner").

{¶26} The plaintiffs' claims against Patrolmen Janovick and Buhala necessarily failed because the patrolmen were not properly added as defendants to this action. The plaintiffs' Complaint was filed against unnamed Liberty Township Employees. "A civil action is commenced by filing a complaint with the court, if service is obtained within

9

one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)." Civ.R. 3(A). "When the name [of a fictitious defendant] is discovered, the pleading or proceeding must be amended accordingly." Civ.R. 15(D). In the present case, the plaintiffs' Complaint has never been amended and, therefore, the action has never been properly commenced against the patrolmen. *Maggio v. Warren*, 11th Dist. No. 2006-T-0028, 2006-Ohio-6880, ¶ 47 (summary judgment is properly granted where "there is no evidence on the record that the 'unnamed officers' were ever served with a copy of the summons or the complaint, despite the fact that over a year had passed between when the complaint was filed and when summary judgment was granted").

{¶27} The second assignment of error is without merit.

{¶28} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Liberty Township and unnamed Liberty Township Employees, is affirmed. Costs to be taxed against appellants.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.